UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Questech Financial, LLC,                              Civil No. 04-1462 (JMR/FLN)

    Plaintiff,

    v.                                                **REPORT AND RECOMMENDATION**

Central Minnesota Petroleum, LLC,
James L. Nardo, Matthew J. Nardo, and
Anton & Sons, Inc.,

    Defendants.

---

Ronald Beacher, Thomas DeVincke, for Plaintiff.
Ralph Mitchell, for Defendants Central Minnesota Petroleum,
James Nardo and Matthew Nardo.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on June 10, 2005, on Plaintiff's Motion for Summary Judgment [#65]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons which follow, this Court recommends Plaintiff's Motion be granted.

### I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

    A.    **The Loan Agreement**

On July 13, 2000, Plaintiff Questech Financial, LLC, ("Questech") loaned Defendants Central Minnesota Petroleum, LLC ("CMP"), James L. Nardo, and Matthew J. Nardo (collectively, "the Nardos"), a principal sum of $800,000 to finance the construction of a gas station and convenience store at Highway 241 and Main Street in St. Michael, Minnesota ("the Premises"). In exchange, CMP and the Nardos executed a Note and Security Agreement ("the Agreement") in favor

of Questech. See Dunn Aff. Ex. 1. Pursuant to the Agreement, CMP and the Nardos agreed to make certain monthly payments to Questech. They further granted Questech a purchase money security interest in certain collateral, including equipment, inventory, accounts, and furniture. See Agreement, Section 3 and Ex. A.[1] Per the Agreement, a default occurred if CMP and the Nardos failed to perform or became insolvent. In the event of a default, Questech was immediately entitled to all payments due under the Agreement, and was permitted to demand the surrender of the Collateral and exercise any other right or remedy available.

On March 1, 2004, CMP and the Nardos defaulted under the Agreement by failing to make a required payment in the amount of $12,992.97. Questech thereafter declared the entire unpaid balance to be immediately due and payable. On March 9, 2004, Questech made written demand on CMP and the Nardos to forward the entire indebtedness and the Collateral to Questech.

Sometime after CMP and the Nardos defaulted under the Agreement, Defendant Anton & Sons, Inc. ("Anton"), took possession of both the Premises and Collateral. On July 9, 2004, Questech served written demand on Anton to make monthly payments to Questech in the amount of $12,992.97 or return the Collateral to Questech. On November 1, 2004, after Anton was named as a defendant in this action, it abandoned possession of the Premises.[2]

After CMP and the Nardos defaulted under the Agreement in March 2004, Questech received

---

[1] The Dunn Affidavit identifies the Collateral as: (i) equipment, inventory, goods, accounts, contract rights, chattel paper, documents, fixtures, furniture, investment property, including all of the assets financed by or leased by QuesTech described as Equipment, Leaseholds, Convenience Store Equipment, Car Wash Equipment, Car Wash Buildings; (ii) present and future attachments, accessories and accessions, spare parts, replacements, substitutions and exchanges or trade-ins with respect to, in connection with or generated by any of the foregoing; and, (iii) the products, proceeds, offspring, rents and profits of all of the foregoing, including insurance proceeds payable in respect of loss or damage to any of the foregoing and all other proceeds in whatever form. See Dunn Aff. ¶ 10.

[2] In its Motion, Questech does not seek summary judgment against Anton. See Pl. Mem. p. 6 n. 1.

no further monthly payments. Questech did receive, however, the proceeds of a $250,000 letter of credit agreement ("the LOC") that Questech applied to the obligations as they came due under the Agreement. As of March 9, 2005, CMP and the Nardos owed Questech $586,707.02, inclusive of attorneys' fees, late fees, other amounts paid for rent on the Premises, and the application of the LOC. See Dunn Aff. Ex. 3 at ¶ 23.

### B.    Plaintiff's Motion for Summary Judgment

In April 2005, Questech moved for summary judgment against CMP and the Nardos, seeking a money judgment against CMP and the Nardos in the amount of $586,707.02, and a judgment foreclosing upon Questech's security interest in the Collateral.[3] On June 7, 2005, Defendants CMP and the Nardos entered a Notice of Non-Opposition in reply to Plaintiff's Motion. [#77]. Defendants stated that they did not oppose Plaintiff's Motion, and stipulated to the liability of the requested judgment. On June 9, 2005, Defendants wrote a letter to the Court stating that post-judgment interest should accrue at the federal judgment rate, rather than the 18% per annum rate proposed by Plaintiff. [#79].

The Court held a telephonic hearing on Plaintiff's Motion on June 10, 2005. Defendants CMP and the Nardos reaffirmed that they did not oppose Plaintiff's Motion. Plaintiff agreed with Defendants' contention that post-judgment interest should accrue at the federal rate of interest per 28 U.S.C. § 1631.

Given that Defendants do not oppose Plaintiff's Motion for Summary Judgment, the Court finds that Plaintiff's Motion should be granted. Judgment in the amount of $586,707.02 should be entered in favor of Questech and against Defendants CMP and the Nardos, jointly and severally.

---

[3] Plaintiff requested that the hearing on the Motion be held telephonically. [#76]. Defendants concurred. [#78].

Judgment should also be entered foreclosing Defendants' interest in the Collateral and permitting Questech to take possession and sell the Collateral to apply the proceeds to the judgment awarded herein.

## II.  RECOMMENDATION

Based on the files, records and proceedings herein, the Court **HEREBY RECOMMENDS** that Plaintiff's Motion for Summary Judgment [#65] be **GRANTED.**


DATED: July 15, 2005                     s/ *Franklin L. Noel*
                                          FRANKLIN L. NOEL
                                          United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 2, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.